UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXSIS SHONTE THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>JORDAN UNKNOWN, et al.,<br><br>Defendants. | Case No. 18-cv-03060-JCS<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**ORDER SEALING COMPLAINT**<br><br>**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**<br><br>Re: Dkt. Nos. 1, 2 |

## I.    INTRODUCTION

Plaintiff Alexsis Shonte Thomas, pro se, brings this action against Bank of America and "Jordan Unknown" (hereinafter, "Jordan"), and moves for leave to proceed in forma pauperis. Good cause having been shown, Thomas's application to proceed in forma pauperis is GRANTED. Thomas's complaint, however, does not in its present form state a claim on which relief may be granted. Thomas is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed with prejudice. **Thomas may file an amended complaint, or a response to this order arguing that the present complaint is sufficient, no later than September 12, 2018.** If Thomas does not file a response resolving the deficiencies identified in this order, or explaining that she needs more time to file an amended complaint, the undersigned will recommend that the case be dismissed with prejudice. Thomas's complaint is also SEALED for failure to comply with Rule 5.2 of the Federal Rules of Civil Procedure.

The case management conference previously set for August 24, 2018 is CONTINUED to October 26, 2018 at 2:00 PM in Courtroom G. **No proceedings in this case will occur on August 24, 2018.**

## II. ALLEGATIONS OF THE COMPLAINT

Thomas's complaint (dkt. 1), which names Jordan and Bank of America as defendants, consists of a form complaint for a claim of employment discrimination in violation of Title VII of the Civil Rights Act of 1964. In a section asking the plaintiff to identify the "acts complained of in this suit," Thomas has checked boxes indicating "[t]ermination of [her] employment" and "[o]ther acts as specified below," where Thomas lists:

> Sexual Harrassment [sic], attack of Global Human Resources
>
> Sex with children within position
>
> Belief of succumb to children within acts of sex.

Compl. ¶ 4.

In response to a prompt for the ways in which Thomas alleges Defendants' conduct to be discriminatory, Thomas checked boxes indicating discrimination based on race or color, and for other reasons as specified, where she has written "Genetic Information." *Id.* ¶ 5. Thomas's description of the "basic facts surrounding [her] for discrimination" is similar to her allegations of other acts of discrimination as noted above:

> Sexual Harrassment [sic] within Position
>
> Sex with children Within Position
>
> Belief of Succumbing to Children within Act of Sex
>
> Richmond

*Id.* ¶ 6. Thomas alleges that the discrimination at issue occurred in 2006, and that she received a right-to-sue notice from the Equal Employment Opportunity Commission ("EEOC") in April of 2018. *Id.* ¶ 9. A copy of a cover letter from California Department of Fair Employment and Housing ("DFEH") dated April 26, 2018 and referencing a right-to-sue notice is attached to Thomas's complaint, although the notice itself is not. *See* Compl. at ECF p. 6.

Thomas also attaches to her complaint here an administrative complaint that she filed with the DFEH, bearing the same case number as the cover letter, which reads as follows:

> 1. Respondent **jordan Unknown** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

> 2. Complainant **Alexsis Thomas**, resides in the City of **Oakland** State of **California**.
>
> 3. Complainant alleges that on or about April 20, 2018, respondent took the following adverse actions:
>
> **Complainant was harassed** because of complainant's sexual harassment- hostile environment.
>
> **Complainant was discriminated against** because of complainant's genetic information or characteristic and as a result of the discrimination was forced to quit.
>
> Additional Complaint Details: WAR OF GENETIC INFORMATION WITHIN, HAS ABILITY TO KIDNAP CHILDREN.
>
> THE WAR OF GLOBAL HUMAN RESOURCES HAS ABILITY TO KIDNAP CHILDREN
>
> THE WAR OF GLOBAL HUMAN RESOURCES HAS KIDNAPPED MY KID [J.G.T.].
>
> THE WAR OF GENETIC INFORMATION HAS SLANDERED DEFAMED KIDNAPED [SIC] MY CHILD. [J.G.T.]

Compl. at ECF pp. 4–5.

## III. SEALING UNDER RULE 5.2

Rule 5.2 of the Federal Rules of Civil Procedure requires that certain information, including "the name of an individual known to be a minor," cannot be filed in the public record. Fed. R. Civ. P. 5.2(a). Litigants may refer to minors only by their initials. *Id.* The administrative complaint attached to Thomas's complaint in this action includes the name of a person who appears to be a minor, identified here by the initials J.G.T.[1] The complaint is therefore SEALED, and a redacted complaint is attached as an exhibit to this order.

Thomas must comply with the requirements of Rule 5.2 going forward and may refer to J.G.T. only by his initials. Any future filings that do not comply with Rule 5.2 will be stricken from the record.

---

[1] If this inference is incorrect and J.G.T. is over the age of 18, Thomas should inform the Court of that fact in a future filing.

3

## IV. DISMISSAL UNDER 28 U.S.C. § 1915

### A. Legal Standard

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that lacks such statement fails to state a claim and must be dismissed. Further, a complaint is "frivolous" under § 1915 where there is no subject matter jurisdiction. *See Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987).

In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570). Thus, to meet this requirement, the complaint must be supported by factual allegations. *Id.*

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d

1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

### B. Thomas's Complaint Does Not State a Claim

The only legal claim asserted in Walker's amended complaint is for employment discrimination under Title VII. That law prohibits employers from discriminating based on an "individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). A separate law, the Genetic Information Nondiscrimination Act of 2008 ("GINA"), prohibits employment discrimination based on genetic information. 42 U.S.C. § 2000ff-1(a). Whether based on a theory of harassment or a more specific adverse employment action, a Title VII plaintiff must generally present "actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such action was based upon race or another impermissible criterion." *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 743 (9th Cir. 2004) (quoting *Gay v. Waiters' Union*, 694 F.2d 531, 538 (9th Cir. 1982)). Discrimination need not be the only reason for the mistreatment. "It suffices instead to show that the motive to discriminate was one of the employer's motives, even if the employer also had other, lawful motives that were causative in the employer's decision." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 343 (2013).

A plaintiff may rely either on direct evidence that her mistreatment was motivated by discrimination, or on circumstantial evidence by showing that: (1) she is a member of a protected class; (2) she was qualified for her position and performed adequately; (3) she experienced adverse employment action; and (4) similarly situated individuals not in her protected class were treated more favorably, or other circumstances give rise to an inference of discrimination. *See Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010). Although a plaintiff does not necessarily need to plead each of these elements specifically in her complaint, they nevertheless "help to determine whether [she] has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012); *see also Jianjun Xie v. Oakland Unified Sch. Dist.*, No. C 12-2950 CRB, 2013 WL 812425, at *4 n.3 (N.D. Cal. Mar. 5, 2013) (examining relevant authority).

Thomas's complaint here lacks the basic factual information necessary to state a plausible claim for discrimination under Title VII or GINA. Thomas does not include allegations that she was employed by Bank of America or Jordan, or whether Jordan worked for Bank of America. There are no factual allegations (as opposed to bare legal conclusions) supporting a plausible conclusion that any mistreatment was based on Thomas's race or genetic information. There is no allegation that Thomas was a member of a protected class based on race or genetic information, that either defendant displayed any animus towards that class, or that similarly situated employees outside of the protected class were treated more favorably. Nor does Thomas allege that she was qualified for her position and performed adequately.

Thomas's conclusory allegations of sexual assault of children, while disturbing, do not in themselves establish a claim under Title VII. Thomas does not explain how any such acts affected her, or more specifically how they affected the terms of her employment. It is also not clear from Thomas's complaint whether such acts were committed by Jordan or any other Bank of America employee.

Finally, Thomas states that the alleged discrimination against her occurred in 2006. Compl. ¶ 8. Although Thomas alleges that she filed administrative charges in 2006, she attaches an administrative complaint filed with the DFEH in 2018. *Id.* at ECF pp. 4–6. In a state like California that has its own agency empowered to act on discrimination claims, an employee must file an administrative charge of discrimination with within 300 days of the act of discrimination, "or lose the ability to recover for it" under Title VII and GINA. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002); 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 2000ff-6(a) (providing that the same remedies and procedures that apply to Title VII claims also apply to claims under GINA). The employee must then receive a right-to-sue notice from the EEOC, and must bring a claim within ninety days after receiving that notice. *See* 42 U.S.C. § 2000e-5(f)(1).

In addition to resolving the other deficiencies addressed above, any amended complaint should attach documents showing that Thomas filed administrative charges within 300 days of the alleged discrimination, and that she received a right-to-sue notice from the federal EEOC (as opposed to California's DFEH) within ninety days before bringing her present complaint.

## V. CONCLUSION

For the reasons discussed above, Thomas's application to proceed in forma pauperis is GRANTED, her complaint is SEALED, and Thomas is ORDERED TO SHOW CAUSE why the complaint should not be dismissed with prejudice for failure to state a claim on which relief may be granted. Thomas may file an amended complaint, or a response to this order arguing that her current complaint is sufficient, no later than September 12, 2018. If Thomas does not file a response or her response does not resolve the deficiencies identified herein, the undersigned will recommend that the case be dismissed with prejudice and without leave to further amend.

Any amended complaint must include the caption and civil case number used in this order (18-cv-03060) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint, any amended complaint may not incorporate claims or allegations of Thomas's original complaint by reference, but instead must include all of the facts and claims Thomas wishes to present and all of the defendants she wishes to sue. *See Ferdik*, 963 F.2d at 1262.

Any future filings that fail to comply with Rule 5.2 of the Federal Rules of Civil Procedure will be stricken from the record.

**IT IS SO ORDERED.**

Dated: August 21, 2018

JOSEPH C. SPERO
Chief Magistrate Judge